UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY WAYNE ROGERS, | No. 2:16-cv-1914 CKD P |
| Plaintiff, | |
| v. | ORDER |
| BUTTE COUNTY JAIL, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

/////

1

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Plaintiff filed his original complaint on August 12, 2016 and then filed an amended complaint on August 25, 2016. Good cause appearing, the court will screen the amended complaint.

Having conducted the required screening, the court finds that plaintiff's amended complaint states a claim upon which relief could be granted under the Eighth Amendment against defendant Hill with respect to plaintiff's allegations that Hill ignored plaintiff's pleas to be housed separately from inmate Weaver.

Plaintiff also identifies the Butte County Jail and Sheriff Kory Honea as defendants. A municipality, or a department thereof, can be liable under § 1983 when an injury occurs pursuant to execution of a custom or policy of the municipality. Monell v. Dep't of Soc. Services of N.Y.C., 436 U.S. 658, 694 (1978). Plaintiff fails to allege any facts which reasonably suggest it was a specific policy or custom of the Butte County Jail that caused him injury. As for Sheriff Honea, plaintiff fails to point to any facts indicating he had any involvement in any of the matters alleged in plaintiff's complaint. It appears plaintiff names Sheriff Honea as a defendant simply because he is in charge of the Butte County Jail. However, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation, Rizzo v. Goode, 423 U.S. 362 (1976), and vague allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

At this point, plaintiff has two options: 1) he may either proceed only on the claim identified above against defendant Hill; or 2) attempt to cure the deficiencies with respect to other claims in a second amended complaint.

| | |
|---|---|
| 1 | If plaintiff chooses to amend, plaintiff is informed that the court cannot refer to a prior |
| 2 | pleading in order to make an amended pleading complete. Local Rule 220 requires that an |
| 3 | amended complaint be complete in itself without reference to any prior pleading. This is because, |
| 4 | as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, |
| 5 | 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading |
| 6 | no longer serves any function in the case. Therefore, in an amended complaint, as in an original |
| 7 | complaint, each claim and the involvement of each defendant must be sufficiently alleged. |
| 8 | In accordance with the above, IT IS HEREBY ORDERED that plaintiff is granted thirty |
| 9 | days to file a second amended complaint that complies with the terms of this order. If plaintiff |
| 10 | does not file a second amended complaint within 30 days, this action will proceed on plaintiff's |
| 11 | claim arising under the Eighth Amendment against defendant Hill. |

Dated: June 6, 2017

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
roge1914.1